J^SCHOTT, Chief Judge.
Plaintiff obtained a partial summary judgment against defendant for penalties of $1,000 and attorneys fees of $500 because of defendant’s failure to make timely payment of plaintiffs medical expenses. Defendant has appealed. The only issue is whether there is a genuine issue of material fact as to the finding that defendant’s failure to make timely payment was arbitrary, capricious, or without probable cause. We affirm.
Plaintiff was a passenger in a vehicle insured by defendant when it was struck from the rear by another vehicle causing injuries to plaintiff. This occurred on April 3, 1993. On February 17, 1994, plaintiffs attorney sent a letter to defendant’s adjuster demanding payment of his medical expenses in the amount of $4,046. On February 25 the adjuster advised the attorney that he was in the process of reviewing the medical records and bills submitted in support of the claim. On April 1 defendant sent its cheek for $2,892 as the amount it found was justified.
Defendant was required to pay plaintiffs claim within thirty days after its receipt of satisfactory proofs of loss. LSA-R.S. 22:658(A). Failure to make such payment “when such payment is found to be arbitrary, capricious, or without probable cause” shall subject the insurer to a minimum penalty of $1,000 and reasonable attorneys fees.
In this court defendant contends that the trial court erred as a matter of |2law when it found that defendant was arbitrary and capricious in the handling of plaintiffs med-pay claim when plaintiff put on no evidence to show that defendant consciously violated R.S. 22:658.
When plaintiff filed his motion for summary judgment he alleged that defendant had offered no excuse for its failure to make timely payment. In response to the motion defendant offered no excuse. Pursuant to the statute if its failure to pay was “without probable cause” plaintiff was entitled to the penalty and attorneys fees. It was incumbent upon defendant to provide probable cause, i.e., some excuse or reasonable explanation for its failure to comply with the statute. Since it offered none the trial court properly concluded that its failure to pay was without probable cause and properly penalized defendant.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.